FLEETBOSTON FINANCIAL
CORPORATION, et al.,
Plaintiffs

v.

Eric E. ALT, et al., Defendants.

Civil Action No. 03–10597–EFH.

United States District Court,
D. Massachusetts.

Sept. 8, 2009.

Alicia L. Downey, Joseph L. Kociubes, Laura K. Langley, S. Elaine McChesney, Bingham McCutchen LLP, Boston, MA, for Plaintiffs.

Edward Foye, Kevin T. Peters, J. Owen Todd, Todd & Weld LLP, Boston, MA, Michael E. Grenert, James R. Hubbard, Liddle & Robinson, L.L.P., Jeffrey Liddle, Liddle, Robinson & Shoemaker, New York, NY, James H. Rollinson, Baker & Hostetler LLP, Cleveland, OH, for Defendants.

## MEMORANDUM AND ORDER

HARRINGTON, Senior District Judge.

The court denies Counterdefendants' Cross–Motion to Strike Jury Demand (Docket No. 167). Only one counterdefendant ("FleetBoston") remains in this case. The other counterdefendant, Robertson Stephens Group, Inc. ("Group"), was dismissed from this case by a stipulation filed on July 22, 2009. FleetBoston controlled the Group, which in turn owned the counterplaintiffs' employer, Robertson Stephens, Inc. The counterplaintiffs are 42 individuals, referred to by the court as "ALT," the last name of one of the counterplaintiffs. FleetBoston argues that ALT's breach of fiduciary duty claim should be adjudicated by the court and not by a jury. ALT disagree and seek a jury trial on their claim.

The parties agree that Delaware law governs the substantive breach of fiduciary duty claim here. Delaware law on trial by jury is clear. Without exception, the court, not a jury, adjudicates a breach of fiduciary duty claim in Delaware. *McMahon v. New Castle Assocs.*, 532 A.2d 601, 604 (Del.Ch.1987). The court decides a breach of fiduciary duty claim because this type of claim is an equitable action and not a "legal" one. To determine whether a jury or the court should decide a case, actions are characterized as legal or equitable. Juries decide legal cases, while the court decides equitable cases.

Despite the fact that Delaware law governs the substantive breach of fiduciary duty claim here, Delaware law on the right to a jury trial does not control. Instead, the court must make this determination as a matter of federal law. The Seventh Amendment of the United States Constitution, which guarantees the right to a jury trial in certain circumstances, requires that the jury trial issue in a federal lawsuit be construed as a matter of federal law. *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 313 (3d Cir.2007); *Gallagher v. Wilton Enters., Inc.*, 962 F.2d 120, 122 (1st Cir.1992). Moreover, there is a long history of federal law favoring jury trial as the manner in which to adjudicate cases. *Marra*, 497 F.3d at 313. The jury repre-

sents the democratic element in the judicial process and is the instrument by which the citizen participates in his own governance and in the enforcement of the law. The federal law on the right to jury trial consists of a two-pronged test devised by the United States Supreme Court. *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

■ Similar to Delaware, the court must first determine whether the issue is equitable or legal. Equitable matters are for the court to decide, while legal matters are for a jury to decide. Second, the court examines the nature of the remedy sought by the plaintiff. Claims involving equitable remedies again are for the court, while those involving legal remedies go to a jury.[1] If there is a conflict between the remedy and issue, the court weighs the nature of the remedy more heavily and the remedy decides who should be the finder of fact, the court or a jury. *See id.*

■■ The court rules that the breach of fiduciary duty claim here is for a jury, and not for the court, to decide. In this action, there is no question that the issue is equitable in nature. A breach of fiduciary duty claim is an equitable matter. But the nature of the remedy sought is legal and a jury therefore must decide this case. A remedy is legal when a plaintiff seeks money damages for a loss he alleges he suffered. *Great–W. Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 210, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). In contrast, a remedy is equitable when a plaintiff seeks restitution for funds or property held by the defendant that actu-

ally belong to the plaintiff.[2] *Great–W.,* 534 U.S. at 213–14, 122 S.Ct. 708.

In this action, ALT seek damages for a loss they maintain they suffered because of FleetBoston's alleged breach of fiduciary duty. ALT allege that FleetBoston breached its fiduciary duty by diminishing the value of the Group, declaring ALT's equity interest in the Group valueless, and liquidating the Group's assets. These claims are characteristic of a loss that ALT claim they suffered at the hands of Fleet-Boston and not of a gain that FleetBoston realized at the expense of ALT. Therefore, since ALT seek compensation for a loss, as opposed to a gain by FleetBoston, the remedy they seek is legal and not equitable. This case shall be heard by a jury because, even though this case involves an equitable issue, the remedy sought is legal and this factor weighs more heavily than the issue factor in determining who should hear the case. The motion is denied.

Counterdefendants' Cross–Motion to Strike Jury Demand (Docket No. 167) is DENIED.

SO ORDERED.

---

1. The court need not consider here the inquiry related to the second prong as to whether Congress has assigned resolution of the claim to a non-Article III adjudicative body. A private right is at issue, and thus no administrative agency holds jurisdiction.

2. Delaware makes no similar distinction between equitable and legal remedies. Delaware's preference for the court as fact-finder in a breach of fiduciary duty claim is so strong that even the court decides matters involving money damages. *See Hogg v. Walker,* 622 A.2d 648, 654 (Del.1993).